## Adams et ux. v. Strine et ux.

*Mark T. Milnor,* for plaintiffs.

*Frank J. Shea,* amicus curiae, for Office of Price Administration.

RUPP, J., June 26, 1944.—This matter comes before us on a motion, and rule issued thereon, to strike off a judgment in ejectment entered by confession pursuant to provisions contained in a lease, for alleged failure to comply with various portions of the regulations of the Office of Price Administration of the United States Government.

The argument on behalf of defendants was presented by Frank J. Shea, chief attorney, O. P. A. Rent Division, Harrisburg, Pa., who appeared as amicus curiae and filed a brief in the matter.

No argument was presented and no brief was filed by counsel for defendants.

Section 6 (*a*) 3 of the regulations provides, inter alia, that no tenant may be evicted unless he:

". . . has violated a substantial obligation of his tenancy . . . and has continued, or failed to cure, such violation after written notice by the landlord that the violation cease. . . ."

Here judgment was entered for violation of a subletting provision of the lease.

Of the regulations allegedly not complied with, section 6 (*d*) 1 provides, inter alia:

"Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the area rent office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days . . . prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has

given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession."

The record discloses that judgment was entered on February 21, 1944, and that on February 4, 1944, counsel for plaintiffs notified defendants in writing that they had violated the subletting provision of their lease and that "unless you correct this violation within ten (10) days of the receipt of this notice, proceedings to evict you for violation of the provisions of the lease will be instituted". The notice included the following paragraph: "Copy of this notice has been sent to the Harrisburg O. P. A. Office."

Obviously, all the requirements with respect to notice prior to entry of judgment were met. However, at the argument it was contended on behalf of defendants that under the above provisions two separate and distinct notices are required prior to commencing any action. This contention is without merit and is not pressed in the brief presented on behalf of defendants.

It was further contended that plaintiffs failed to give the area rent office the notice required by section 6 (d) 2, which provides:

"At the time of commencing any action to remove or evict a tenant, including an action based upon nonpayment of rent, the landlord shall give written notice thereof to the area rent office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

Plaintiffs admit that this notice was not given. It must be remembered that here we are dealing with a motion to strike off a judgment. Such action is based upon defects which appear of record at the time judg-

ment was entered. Even a cursory reading of section 6(*d*)2 indicates that the notice it requires can be given only after entry of judgment; otherwise, how could the number of the case and "the court in which it is filed" be set forth? Therefore, this provision is not a limitation upon the right to enter judgment. However, it may well be a limitation upon the right to execute thereon prior to the giving of the notice.

Plaintiffs having given the tenants and the area rent office the notice required by the regulations prior to the entry of judgment, no defect appears of record and, accordingly, the rule must be dismissed.

And now, June 26, 1944, the rule to strike off the judgment is hereby dismissed.